In the Matter of the Application of GEORGE STEWART HOPKINS, an Infant, for the Sale of Real Estate.

GEORGE STEWART HOPKINS, Appellant; HENRY A. VAN ALLEN, Respondent.

*Infant — petition for the sale of an infant's real estate — when irregular — when the petition is that of the guardian and not that of the infant.*

A petition in proceedings for the sale of an infant's real estate, reciting that it is the petition of an infant under fourteen years of age, by his general guardian, and executed by the guardian on behalf of the infant and verified by the guardian, although throughout the instrument the infant and not the guardian is described as the petitioner, is the petition of the guardian.

The failure of such a petition to state the facts and particulars concerning the real and personal property of the infant, his income and the debts against his estate, as required by section 2350 of the Code of Civil Procedure, renders it defective, even where the interest sought to be sold thereunder is an undivided one, where there is no allegation that the sale of the interest is necessary to avoid an action for partition, nor any allusion to the possibility of such an action, and it does not appear that the court has found from the facts stated in the petition, with or without additional proof, that the sale was necessary to avoid an action of partition, and such defect justifies the purchaser at a sale thereunder in refusing to complete his purchase.

*Quære*, whether such a defect would be fatal to the title of a purchaser at a sale had in such proceedings.

APPEAL by the petitioner, George Stewart Hopkins, an infant, from an order of the Supreme Court, made at the Kings County

Special Term and entered in the office of the clerk of the county of Queens on the 15th day of July, 1898, denying the petitioner's motion to compel Henry A. Van Allen, the purchaser at the sale had in the above-entitled proceeding, to complete his purchase.

*Henry A. Monfort*, for the appellant.

*Joseph A. Burr*, for the respondent.

CULLEN, J.:

The petition on which these proceedings were instituted recites that it is the petition of an infant, under fourteen years of age, by the Kings County Trust Company, his general guardian; and throughout the infant and not the guardian is described as the petitioner. Nevertheless, the petition is executed by the guardian on behalf of the infant, and is verified by the president of the guardian. This, in our judgment, constitutes the instrument the petition of the guardian, despite of its assertion that it was that of the infant; in fact, it was the petition of both. We think that the objection to the form of the petition, which is highly technical, is without force. But we are also of opinion that the petition is defective in failing to state the facts and particulars concerning the real and personal property of the infant, his income and the debts against his estate, required by section 2350 of the Code of Civil Procedure. Such statement is necessary in all cases, except where the application is made for the sale of an undivided interest in order to avoid an action of partition. It appears by the petition that the interest sought to be sold is an undivided one, but there is no allegation that the sale of the interest is necessary to avoid a partition, nor is there any allusion to the possibility of a partition action. It may be that, from the facts stated in the petition, with or without additional proof, the court might have found that the sale was necessary to avoid an action of partition. But the order authorizing the sale does not appear in the record before us, and in the absence of either allegation in the petition that the sale is sought to avoid a partition, or of a finding by the court that the sale was necessary for such object, we cannot assume that this was the ground on which the court proceeded.

Whether the defect is one that would, under all circumstances,

be fatal to the title of the purchaser and result in his loss of the property, it is unnecessary to determine. To say the least, the question is too doubtful of solution to justify us in compelling the purchaser to take the risk of its determination.

The order should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.